UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA



| | |
|---|---|
| Julian E. Rochester, # 171519,<br>aka *Julian Edward Rochester*,<br><br>                    Petitioner,<br><br>vs.<br><br>South Carolina Department of Corrections;<br>and<br>State of South Carolina,<br><br>                    Respondents. | ) C/A No. 2:07-2342-HMH-RSC<br>)<br>)<br>)<br>)       **ORDER**<br>)   [Pre-Filing Review]<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

### *Background of this Case*

The petitioner, who is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC), is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977). *See also* Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge.

The pleadings in the above-captioned case were received by the Clerk's Office on June 27, 2007. Since the petitioner is under an order of pre-filing review, the Office of the Clerk of Court

1

requested judicial authorization for the Clerk Office's to assign a civil action number.     On July 18, 2007, the undersigned authorized the Clerk's Office to assign a civil action number to this matter for docket control and tracking purposes.  In the pleading, the petitioner seeks to "reopen" several prior civil actions.   The civil actions — which include four Section 2254 habeas corpus actions, one Section 2255 action, and two civil rights actions — were decided between 1993 and 2005.

The petitioner, on October 18, 1990, in the Court of General Sessions for Oconee County, was convicted, pursuant to a jury's verdicts, of first-degree criminal sexual conduct with a minor, second-degree criminal sexual conduct with a minor, and assault and battery of a high and aggravated nature.  He received an "active" sentence of fifty (50) years.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* pleading pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and under relevant habeas corpus statutes. The review has been conducted in light of the following

---

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 127 S.Ct. 2197, 2007 U.S. LEXIS® 6814 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The petitioner cannot obtain mandamus relief in this federal court against the named respondents, the South Carolina Department of Corrections (SCDC) and the State of South Carolina. Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969).

A federal district court may issue a writ of mandamus only against an employee or official **of the United States**. *See, e.g., Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986); and *Ocean Breeze Park, Inc. v. Reich*, 853 F. Supp. 906, 915, 1994 U.S.Dist. LEXIS® 7264 (E.D.Va. 1994), *affirmed, Virginia Beach Policeman's Benevolent Association v. Reich*, 96 F.3d 1440, 1996 U.S.App. LEXIS® 28823, 1996 WESTLAW® 511426 (4th Cir., June 5,

4

1996)[Table].   Hence, the petitioner cannot obtain mandamus-type relief in this court against the named respondents in the above-captioned case because the named respondents are state entities.

In *Gurley, supra*, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (in North Carolina) to prepare a free transcript.  The district court in *Gurley* denied the relief sought by the prisoner.  On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina.    The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ."   *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d at 587.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74, 1988 U.S.App. LEXIS® 9176 (2nd Cir. 1988).   In *Davis v. Lansing*, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74.  *See*

5

also *Craigo v. Hey*, 624 F. Supp. 414, 1985 U.S.Dist. LEXIS® 12434 (S.D.W.Va. 1985). In *Craigo*, the district court concluded that the petition for writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh, supra*, and *Todd v. Baskerville, supra*, and, therefore, was subject to summary dismissal. *Craigo v. Hey, supra*, 624 F. Supp. at 414. *Accord Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479, 1988 U.S.Dist. LEXIS® 5053 (W.D.Pa. 1988); and *Robinson v. Illinois*, 752 F. Supp. 248, 248-249 & n. 1, 1990 U.S.Dist. LEXIS® 8246 (N.D.Ill. 1990).

Moreover, both named respondents are immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498

(2000)(Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Alden v. Maine*, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

## Habeas Corpus Matters

Five of the seven cases that the petitioner seeks to "reopen" are habeas corpus actions. The petitioner has had a total of nine (9) prior habeas corpus cases in this judicial district relating to his 1990 convictions in the Court of General Sessions for Oconee County. This court may take judicial notice of the petitioner's prior habeas corpus cases. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209

F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-489, 146 L.Ed.2d 542, 120 S.Ct. 1595, 2000 U.S. LEXIS® 3000 (2000)(to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656, 150 L.Ed.2d 632, 121 S.Ct. 2478, 2001 U.S. LEXIS® 4909 (2001)(Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). The petitioner has a prior habeas corpus action adjudicated on the merits after the adoption of the AEDPA in April of 1996.

In *Julian Edward Rochester v. SCDC and Attorney General Charles Condon*, Civil Action No. 2:98-0146-21AJ, the petitioner on January 22, 1998, brought a habeas corpus action concerning his 1990 convictions. The undersigned on January 23, 1998, authorized service of the § 2254 petition and directed the respondents to file a return. The respondents filed a return and a motion for summary

8

judgment.     On March 10, 1998, the undersigned apprised the petitioner of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).     The petitioner on March 16, 1998, and on March 20, 1998, responded to the motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 2:98-0146-21AJ on March 23, 1998, the undersigned recommended that the respondents' motion for summary judgment be granted.     The parties in Civil Action No. 2:98-0146-21AJ were apprised of their right to file timely written objections and of the serious consequences of a failure to do so.     The petitioner filed objections and two (2) amended objections to the Report and Recommendation.     On April 10, 1998, the Honorable William B. Traxler, Jr., (then) United States District Judge, granted the respondents' motion for summary judgment.     The Clerk of Court entered the judgment in Civil Action No. 2:98-0146-21AJ on April 13, 1998.

The petitioner's appeal in Civil Action No. 2:98-0146-21AJ (Fourth Circuit Docket No. 98-6613) was not successful.     On September 17, 1998, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *Rochester v. South Carolina Department of Corrections*, 161 F.3d 3 1998, U.S. App. LEXIS® 23218, 1998 WESTLAW® 647150 (4th

Cir., September 17, 1998), *cert. denied*, 525 U.S. 1080, 119 S.Ct. 822, 142 L.Ed.2d 680, 1999 U.S. LEXIS 291 (1999).

Although there have been subsequent state court proceedings since the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment in Civil Action No. 2:98-0146-21AJ, the habeas corpus claims implicitly raised in the above-captioned case (Civil Action No. 2:07-2342-HMH-RSC) are, nonetheless, successive. *See* Rule 9(b) of the Section 2254 Rules; Miller v. Bordenkircher, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985); *McClesky v. Zant*, 499 U.S. 467, 113 L.Ed.2d 517, 111 S.Ct. 1454, 1467-1472, 1991 U.S. LEXIS® 2218 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; *Bennett v. Angelone*, 92 F.3d 1336, 1996 U.S.App. LEXIS® 21003 (4th Cir. 1996), *cert. denied*, 519 U.S. 1002, 136 L.Ed.2d 395, 117 S.Ct. 503, 1996 U.S. LEXIS® 7152 (1996); and *Armstead v. Parke*, 930 F. Supp. 1285, 1996 U.S.App. LEXIS® 8317 (N.D.Ind. 1996), *affirmed*, 116 F.3d 1482, 1997 U.S.App. LEXIS® 14835, 1997 WESTLAW® 345896 (7th Cir., June 13, 1997). *See also Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co., supra*, 425 F.2d at 1296.

In any event, there is no indication in the present petition that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit   in   Richmond,   Virginia.[3]       The

----

[3] *See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

(B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. —Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:

"(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

"(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(continued...)

(...continued)

      "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      "(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
      "(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

"(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

"(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days

(continued...)

12

five-page form is entitled "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244." The mailing address of the Clerk's Office of the United States Court of Appeals for the Fourth Circuit is 1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517.[4]

One of the cases that the petitioner's seeks to reopen is an untimely Section 2255 action, *Rochester v. United States*, Civil Action No. 2:03-1736-20, wherein the petitioner in 2003 sought relief from a 1974 federal court conviction. The Honorable Henry M. Herlong, Jr., United States District Judge, dismissed Civil

---

(...continued)
after the filing of the motion.

"(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

"(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

[4]The petitioner's most recent habeas corpus action, *Rochester v. South Carolina Department of Corrections; Sallie C. Smith; et al.*, Civil Action No. 2:06-3012-HMH-RSC, was dismissed *without prejudice* as a successive petition on November 9, 2006. The petitioner's subsequent appeal in Civil Action No. 2:06-3012-HMH-RSC (Fourth Circuit Docket No. 07-6124) was not successful. On July 18, 2007, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *Rochester v. Smith*, ___ Fed.Appx. ___, 2007 U.S.App. LEXIS® 17091, 2007 WESTLAW® 2051014 (4th Cir., July 18, 2007).

Action No. 2:03-1736-20 as untimely on July 18, 2003, and the United States Court of Appeals for the Fourth Circuit dismissed the petitioner's appeal (Fourth Circuit Docket No. 03-7738) on March 3, 2004. *United States v. Rochester*, 88 Fed. Appx. 667, 2004 U.S. App. LEXIS 4087 (4th Cir., March 3, 2004). Since the United States Court of Appeals for the Fourth Circuit dismissed the appeal, the petitioner must seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition with respect to his 1974 federal conviction. *United States v. Winestock*, 340 F.3d 200, 2003 U.S.App. LEXIS® 7941 (4th Cir. 2003), *cert. denied*, *Winestock v. United States*, 540 U.S. 995, 157 L.Ed.2d 395, 124 S.Ct. 496, 2003 U.S. LEXIS® 7906 (2003).

### The Request to Reopen Civil Rights Cases

Two of the cases that the plaintiff seeks to "reopen" are civil rights cases. The first civil rights case, *Rochester v. State of South Carolina, et al.*, Civil Action No. 2:03-2057-20AJ, was dismissed *without prejudice* under *Heck v. Humphrey*, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994), and under the Eleventh Amendment on August 12, 2003. The United States Court of Appeals for the Fourth Circuit dismissed the appeal by the petitioner (the "plaintiff" in that case) under its Rule 45 for failure to prosecute on February 23, 2004.

14

The second civil rights case that the petitioner seeks to reopen, *Rochester v. State of South Carolina*, Civil Action No. 2:05-1051-HMH-RSC, was dismissed *without prejudice* on April 4, 2005. Although the petitioner was apprised of his right to seek *de novo* review by a United States District Judge by filing an appeal within ten (10) days, no appeal (to District Judge) was filed by the petitioner in Civil Action No. 2:05-1051-HMH-RSC. Since the Eleventh Amendment as well as the holding in *Heck v. Humphrey* are still applicable with respect to these two civil rights actions, **the petitioner's request to reopen these two civil rights cases is denied.**

## *The Petitioner's Request for Recusal*

The pleading suggests that the petitioner is seeking an order assigning the petitioner's cases to a different United States Magistrate Judge and a different United States District Judge. Hence, the petitioner appears to be making a motion to recuse. It is well-settled that the judicial notice of a prior civil or criminal case is not a basis for recusal. *Bolin v. Story*, 225 F.3d 1234, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000)(knowledge from prior judicial proceeding not basis for recusal). **The petitioner's request for recusal is denied.**

15

*OTHER MATTERS*

Any future filings by the petitioner in this case should be sent to the Clerk's Office in Charleston (Post Office Box 835, Charleston, South Carolina 29402). The petitioner must place the Civil Action Number (C/A No.) listed above on any document filed in connection with this case. All pleadings filed in this case by the petitioner shall be signed by the petitioner with his full legal name written in his own handwriting. *Pro se* litigants, such as the petitioner, shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, the petitioner is directed to use letter-size paper,[5] to write or type text on one side of a sheet of paper only, and **not to write or type on both sides of any sheet of paper.**[6] The petitioner is further instructed not to write to the edge of the paper, but to

---

[5]Letter-size paper is 8½ inches by 11 inches. The federal district courts stopped accepting pleadings on legal-size paper in 1983. *See, e.g., United States v. White*, 53 F.Supp.2d 976, 981, 1999 U.S.Dist. LEXIS® 9867 (W.D.Tenn. 1999). *Cf.* Supreme Court Rule 34.1, and Second Circuit Miscellaneous Form CTA2 Sentence Corr. Fed. ("The Judicial Conference of the United States has adopted the 8½ X 11 inch paper size for use throughout the federal judiciary and directed the elimination of the use of legal size paper.").

[6]Pursuant to Section 205 of the E-Government Act of 2002, Pub. L. 107-347, December 17, 2002, 111 Stat. 2899, this court has implemented Case Management-Electronic Case Filing (CM-ECF). For this purpose, *pro se* filings are scanned to create electronic docket records. Therefore, the use of only one side of a sheet of paper is required. **Also, double-sided pages are difficult to "scan" into the CM-ECF system.** The pleading in the above-captioned contains writing on both sides of the sheets of paper.

maintain one-inch margins on the top, bottom, and sides of each paper submitted.

The petitioner is a *pro se* litigant. His attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address **and providing the Clerk of Court with the docket numbers of all pending cases you have filed with this court.** Your failure to do so will not be excused by the court.

> Put this order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant or a respondent, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

> If your prison or jail address changes in the future, you must provide your new prison or jail address (or your new address if you are released from prison or jail).

### Conclusion

The above-captioned case is, hereby, dismissed *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. *, 1993

17

U.S.App. LEXIS® 17715   (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra,* 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since at least one circuit has concluded that a mandamus-type action may count as a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g), the above-captioned case is also deemed to be a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See Green v. Nottingham,* 90 F.3d 415, 417-420 (10th Cir. 1996); and *In re Washington,* 122 F.3d 1345 (10th Cir. 1997).

The Clerk of Court shall **not** authorize the issuance and service of process in this case, unless instructed to do so by a United States District Judge or a Senior United States District Judge. The Clerk of Court is directed to keep this case "open" until the ten-day period for the petitioner to file a timely appeal to a United States District Judge has expired.

If the petitioner does not file a timely appeal from this order, the Clerk of Court *shall*, then, "close" the above-captioned matter.[7] If the petitioner files a timely appeal from this order,

---

[7]This *Graham v. Riddle* procedure of closing the case – unless the plaintiff or petitioner files an appeal to a United States
(continued...)

18

the above-captioned matter should be forwarded to the Honorable Henry M. Herlong, Jr., United States District Judge, for a final order. The petitioner's attention is directed to the **two (2) important notices** on the next two pages.

IT IS SO ORDERED.


July 25, 2007                      Robert S. Carr
Charleston, South Carolina         United States Magistrate Judge

---

(...continued)
District Judge — eliminates the need for a United States District Judge to review frivolous or repetitive pleadings. Even so, if the petitioner files an appeal, the petitioner will be entitled to *de novo* review. *See* 28 U.S.C. § 636(b).

# NOTICE TO THE PETITIONER

The order in the above-captioned matter **(Civil Action No. 2:07-2342-HMH-RSC)** is reviewable **only by a United States District Judge**, if a timely appeal is filed. Under Fed. R. Civ. P. 72(a), the time period for filing an appeal is **ten (10) days**. If the petitioner files an appeal, it should be sent to the following address:

**Larry W. Propes**, Clerk of Court
United States District Court
**Post Office Box 835**
Charleston, South Carolina **29402**

IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

WARNING TO *PRO SE* LITIGANTS

All Documents That You File with the Court Will Be Available to the Public on the Internet Through Pacer (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System.

*YOU* ARE RESPONSIBLE FOR PROTECTING YOUR IDENTITY FROM POSSIBLE THEFT. *YOU* MUST REMOVE CERTAIN *PERSONAL IDENTIFYING INFORMATION* FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING. IT IS NOT THE COURT'S RESPONSIBILITY TO REMOVE PERSONAL IDENTIFYING INFORMATION FROM YOUR DOCUMENTS BEFORE THEY ARE ELECTRONICALLY DOCKETED.

Under the Privacy Policy of the Judicial Conference of the United States, *a litigant, whether represented by counsel or appearing pro se, must not put certain types of the litigant's (or any other person's) personal identifying information in documents submitted for filing to any United States District Court*. This rule applies to **ALL** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party for filing. If the litigant finds it necessary to submit a document containing personal identifying information, the litigant must "black out" or redact the personal identifying information prior to submitting the document to the Office of the Clerk of Court for filing.

1. Types of personal information that **MUST** be removed or redacted from documents before filing:

(a) **Social Security numbers.** If an individual's social security number must be included in a pleading, only the last four digits of that number shall be used.
(b) **Names of Minor Children.** If the involvement of a minor child must be mentioned, only the initials of that child shall be used.
© **Dates of Birth.** If an individual's date of birth must be included in a pleading, only the year shall be used.
(d) **Financial Account Numbers.** If financial account numbers are relevant, only the last four digits of these numbers shall be used.
(e) **Juror Information.** If a document containing identifying information about a juror or potential juror must be filed (*e.g.*, verdict form or indictment), all personal information identifying a juror or potential juror must be redacted.

2. Other sensitive personal information of the litigant (or any other person) that should be considered for possible removal or redaction:

Any personal identifying number, including a driver's license number; medical records; employment history; individual financial information; proprietary or trade secret information; information regarding an individual's cooperation with the government; information regarding the victim of any criminal activity; national security information; and/or sensitive security information described in 49 U.S.C. § 114(s).

21